**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

STEVE ORTEGA,

      Petitioner,

v.                            Case No. 2:07-CV-10456

JAN TROMBLEY,

      Respondent,

_____/

**ORDER DENYING PETITIONER'S "MOTION FOR STAY OF HABEAS"**

      Steve Ortega, ("Petitioner"), presently confined at the Saginaw Correctional

Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his convictions for

possession of cocaine in an amount greater than 50 grams but less than 450 grams and

being an habitual offender.  Petitioner filed a motion on January 29, 2007 to stay the

proceedings so that he can return to the state courts to exhaust an additional claim

which is not currently included in his petition for writ of habeas corpus.  For the reasons

stated below, court will deny the motion.

**I.  STANDARD**

      A federal district court has the authority to abate or dismiss a federal habeas

action pending resolution of state post-conviction proceedings.  *Brewer v. Johnson,* 139

F. 3d 491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and hold

a habeas petition in abeyance pending resolution of state court proceedings, there must

be exceptional or unusual circumstances.  *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676

(E.D. Mich. 2002).  A common circumstance calling for abating an unexhausted habeas

petition arises when the original petition was timely filed, but a second, exhausted

habeas petition would be time barred by the Antiterrorism and Effective Death Penalty

Act's (AEDPA) one year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  *See*

*Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

## II. DISCUSSION

In the present case, there are no exceptional or unusual circumstances present

which would justify holding the instant petition for writ of habeas corpus in abeyance

pending Petitioner's return to the state courts to exhaust additional claims.  In this case,

the Michigan Supreme Court denied Petitioner's application for leave to appeal on

August 29, 2006.  *See People v. Ortega,* 720 N.W. 2d 281 (Mich. 2006).  However, the

one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that

day.  Where a state prisoner has sought direct review of his conviction in the state's

highest court but does not file a petition for certiorari with the U.S. Supreme Court, the

one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1)

begins to run not on the date that the state court entered judgment against the prisoner,

but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme

Court expired.  *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  Because

Petitioner did not seek a writ of certiorari with the United States Supreme Court,

Petitioner's judgment became final, for the purpose of commencing the running of the

one year limitations period, on November 27, 2006.  *See Grayson v. Grayson*, 185 F.

Supp. 2d 747, 750 (E.D. Mich. 2002).

2

Petitioner filed the instant petition with this Court on January 26, 2007, after only two months had run on the one year statute of limitations. Petitioner wishes to file a post-conviction motion for relief from judgment in the state courts to exhaust new claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because Petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). The court declines to stay the proceedings pending exhaustion of Petitioner's new claims in the state courts, because there are less drastic courses of action that will protect Petitioner's interests. *See Rose v. Lundy*, 455 U.S. 509 (1982). In this case, Petitioner could withdraw his current petition without prejudice to the bringing of another application for habeas corpus relief following the exhaustion of new claims in the state courts. *Id.* at 510. Alternatively, Petitioner could elect to go forward in this court with his current petition containing only the exhausted claims. *Id.*

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Stay of Proceedings" [Dkt. # 3] is DENIED.


IT IS FURTHER ORDERED that Petitioner advise the court **in writing and by**

3

**March 23, 2007** whether he wishes to voluntarily dismiss the current petition without prejudice to return to the state courts to exhaust additional claims or whether he wishes to proceed on the current habeas petition containing only the exhausted claims.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 20, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522