**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

STEVE ORTEGA,

      Petitioner,                                         Case No. 2:07-CV-10456

v.

JAN TROMBLEY,

      Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S REQUEST
TO DISMISS HIS HABEAS PETITION WITHOUT PREJUDICE**

Petitioner Steve Ortega, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 26, 2007.  In his *pro se* application, Petitioner challenges his conviction for possession of cocaine in an amount greater than 50 grams but less than 450 grams and being an habitual offender.

On February 20, 2007, the court denied Petitioner's motion to hold his habeas petition in abeyance so that he could return to the state courts to exhaust additional claims which he had not included in his petition for writ of habeas corpus.  The court also gave Petitioner thirty days to advise the court whether he wanted to dismiss the petition for writ of habeas corpus without prejudice in order to return to the state courts to exhaust additional claims or whether he wished to proceed with the current petition containing his exhausted claims.

In response, Petitioner has now filed a motion or request to voluntarily dismiss his petition for writ of habeas corpus without prejudice so that he can return to the state courts to exhaust additional claims. For the reasons stated below, the court will allow Petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for writ of habeas corpus without prejudice.

## I. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999). In this case, Petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that the respondent will suffer some plain prejudice from the dismissal other than the prospect of a second habeas petition later on. *Id.* at 1260. The court also notes that subject to certain exceptions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b). In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409 (10th Cir. 1993). In this case, Petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds after he returns to the state courts to exhaust additional claims. *See*

*Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2nd Cir. 2003).

The court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his or her first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." See *Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997). Unlike the habeas petitioner in *Felder,* Petitioner filed his motion to withdraw his habeas petition prior to any decision on the merits by the court. There is no indication that Petitioner's motion was filed in bad faith.

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Oceana County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (c). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

In this case, Petitioner's voluntary dismissal of his habeas action would completely terminate the litigation in this case. *See Long v. Board of Pardons and Paroles of Texas,* 725 F. 2d 306, 306 (5th Cir. 1984). Because Petitioner is seeking to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be

without prejudice.  *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

## II.  CONCLUSION

IT IS ORDERED that the Petitioner's January 26, 2007 "Petition for Writ of Habeas Corpus" [Dkt # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of the Court return a copy of the habeas petition to petitioner.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522